UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PATRICK ALEXIS,

                              Plaintiff,

               v.                                                    **ORDER**
                                                                     24-CV-0466-SJB-AYS

VILLAGE OF HEMPSTEAD POLICE
DEPARTMENT and VILLAGE OF HEMPSTEAD,

                              Defendants.
------------------------------------------------------------------X
**BULSARA, United States District Judge:**

        Defendants requested a premotion conference ("PMC") to dismiss the Complaint

because deceased plaintiff Patrick Alexis had died, and his counsel failed to substitute a

party to represent Alexis's interests.   (Mot. for PMC dated Apr. 28, 2025 ("Mot. for

PMC"), Dkt. No. 28 at 1–2).  The Court held a PMC and directed additional briefing to

address whether the case should be dismissed pursuant to Federal Rule of Civil

Procedure 25.  (Minute Entry dated July 8, 2025).  Alexis's counsel filed a letter "asking

the court to grant any Motion for dismissal by defendant (without prejudice to renew)"

and noted that Alexis's "girlfriend and/or sister would be willing to represent him for

purposes of a lawsuit."  (Pl.'s Letter dated July 16, 2025 ("Pl.'s July Letter"), Dkt. No. 31

at 1).  Defendants' response asks the Court to dismiss the case *with* prejudice.  (Defs.'

Reply dated July 28, 2025 ("Defs.' Reply"), Dkt. No. 32 at 1).  For the reasons explained

below, the motion is granted and the case is dismissed without prejudice.

        Rule 25 provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).[1]  The statement noting Alexis's death was filed on November 20, 2024, without any indication that the letter was served on his successors.  (Letter dated Nov. 20, 2024 ("Notice of Death"), Dkt. No. 23).  Magistrate Judge Lindsay directed Alexis's counsel to file a letter by January 29, 2025, to indicate whether his family would continue the litigation, (Order dated Dec. 9, 2024), something which he failed to do.  However, following Defendants' request for a PMC, Alexis's counsel filed a letter stating that he was not receiving cooperation from Alexis's family, and that "[w]ithout an Administrator, [counsel] cannot commence a new action under the applicable rules."  (Letter dated May 5, 2025 ("Pl.'s May Letter"), Dkt No. 29).  To date, no motion to substitute has been filed.

Identification of a decedent's successor is not necessary to start the ninety-day clock for substitution.  *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469–70 (2d Cir. 1998); *Kotler v. Jubert*, 986 F.3d 147, 153 (2d Cir. 2021) ("We reject[] the notion that a notice of death cannot be filed until after a representative for the decedent's estate has been appointed[.]").  Here, because Alexis's counsel himself noted his client's death on the

---

[1] Defendants have not asserted that Alexis's claims were extinguished upon his death.  Defendants argue that dismissal with prejudice is appropriate because Alexis's counsel has supposedly conceded that Alexis's death was unrelated to the excessive force claims in the Complaint, which would preclude a separate wrongful death action. (Defs.' Reply at 1).  But that is irrelevant to the question of whether the claims in the Complaint are extinguished.

record in November 2024, the ninety-day period has long since elapsed.  And Alexis's

counsel does not dispute that dismissal is appropriate.  (Pl.'s July Letter).  Although

dismissal is appropriate, "Rule 25(a)(1) does not specify whether such a dismissal is

with or without prejudice." *Antipova v. CareMount Med. P.C.*, No. 21-CV-7453, 2024 WL

3678188, at *3 (S.D.N.Y. July 19, 2024), *report and recommendation adopted*, 2024 WL

3677348 (Aug. 6, 2024).  This is the only dispute between the parties.

"[C]ourts typically dismiss without prejudice where either the existence or the

intention of plaintiff's potential successor(s) is uncertain."  *Antipova*, 2024 WL 3678188,

at *4; *see also Keating v. Leviton Mfg. Co.*, No. 06-CV-6027, 2009 WL 234654, at *2

(E.D.N.Y. Jan. 30, 2009) (adopting report and recommendation) (dismissing without

prejudice where no substitution motion was made and plaintiff did not respond "to

repeated letters apprising the estate of this action"); *Miller v. DCM, Inc.*, No. 04-CV-1931,

2007 WL 959509, at *1 (S.D.N.Y. Mar. 15, 2007) (dismissing without prejudice where the

Court could not "know with certainty at this stage whether a legal successor exists who

may attempt to substitute for the plaintiff and renew the case").[2]

Here, the PMC request is deemed to have made the motion to dismiss.  *E.g.*,

*Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210, 217 (2d Cir. 2024) ([The Second Circuit

---

[2] The only case Defendants cite to in reply is *Antipova*, which supports dismissal *without* prejudice.  (Defs.' Reply at 1).  The quotation Defendants attribute to *Antipova* actually appears to come from a different case, *Amatore v. C.R. Bard Inc.*, No. 21-CV-0299, 2023 WL 1802840, at *1 (W.D.N.Y. Jan. 13, 2023), *report and recommendation adopted*, 2023 WL 1800930 (Feb. 6, 2023).  *Amatore* itself relies upon *Grinblat v. 1200 Victory Management Corp.*, but in *Grinblat*, the Court—though acknowledging dismissal with prejudice was typical—dismissed *without* prejudice.  No. 19-CV-7300, 2021 WL 2634765, at *1 n.1 (E.D.N.Y. June 25, 2021).

has] occasionally approved the practice of construing premotion letters as the motions themselves under appropriate circumstances." (citation modified)). Alexis's counsel has had difficulty communicating with Plaintiff's various successors, but noted the possibility that Alexis's sister or girlfriend may choose to act as his personal representative. (*E.g.*, Pl.'s May Letter; Pl.'s July Letter). Because the Court cannot ascertain the intention of the successors, and in the absence of any identified prejudice to Defendants—indeed, the statute of limitations will run until a party emerges and seeks to reopen the case—the complaint is dismissed without prejudice. *See Lopa v. Safeguard Props. Mgmt., LLC*, Nos. 14-CV-3193 and 14-CV-3324, 2018 WL 3104456, at *7 (E.D.N.Y. May 16, 2018) ("[T]he Second Circuit has cautioned that dismissal with prejudice is 'a harsh remedy to be utilized only in extreme situations[.]'") (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Clerk of Court is respectfully directed to close this case.

<div style="margin-left:50%">

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

</div>

Date:  September 11, 2025
        Central Islip, New York